UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

AARON HYDE, #520954,

          Plaintiff,

v.

TRANS UNION, LLC, et al.

          Defendants.
_____/

Case No. 2:21-cv-230

Hon. Jane M. Beckering
U.S. District Judge

## REPORT AND RECOMMENDATION

### I. Introduction

This Report and Recommendation addresses Plaintiff Hyde's motion for partial summary judgment. (ECF No. 34.)

Plaintiff — state prisoner Aaron Hyde — filed suit in the 50th Judicial Court for Chippewa County on September 7, 2021. (*See* ECF No. 1-2 (State Court Complaint).) In his verified complaint, Hyde alleges that by relying on inaccurate and improper information to score and report Hyde's credit, Defendant consumer reporting agencies Trans Union, LLC ("Trans Union"), Experian Information Solutions, Inc. ("Experian"), and Equifax Information Services, LLC ("Equifax") violated: (1) Article I §§ 2, 5, 16, 17 of the Michigan Constitution, (2) Michigan's Consumer Protection Act, (3) Hyde's First, Eighth, and Fourteenth Amendment rights under the United States Constitution, and (4) the Fair Credit Reporting Act. (*Id.*, PageID.15-18.) Hyde also says that Defendants conspired with one another to

violate his civil rights. (*Id.*, PageID.18-19.) On November 8, 2021, Trans Union removed the action to this Court. (ECF No. 1.)

On February 3, 2022, Hyde moved for partial summary judgment. (ECF No. 34.) Hyde asserts that this Court's Order requiring the parties to prepare a joint status report (ECF No. 27) was an indication that Hyde's claims are meritorious (ECF No. 34, PageID.368). Hyde says that summary judgment would "facilitate settlement" and "prevent what could be unnecessary litigation and expenses." (ECF No. 35, PageID.373.) In response, Defendants argue that Hyde failed to provide any material facts warranting summary judgment, that the Court's Order to prepare a joint status report was a matter of routine, not an indication that Hyde's claims are meritorious, and that they have not agreed to any form of resolution in this case. (ECF No. 48, PageID.417-418.)

The undersigned respectfully recommends that the Court deny Plaintiff's motion for partial summary judgment because Hyde failed to establish the absence of genuine issues of material fact or that he is entitled to judgment as to any of his claims.

**II.     Factual Allegations**

Hyde says that he has been incarcerated since October 2, 2012. (ECF No. 1-2, PageID.11.) He says that prior to his incarceration, he was gainfully employed and provided for his two children by way of child support payments. (*Id.*)

Hyde says that on September 29, 2013, the State of Michigan, through Wayne County's Friend of Court, notified him that he was delinquent on his child support

2

payments. (*Id.*, PageID.11, 23-32.)  The State also notified Hyde that it would be garnishing Hyde's state and federal tax return for the delinquent payments. (*Id.*) Hyde informed the Friend of Court that he was incarcerated, and therefore unable to make payments. (*Id.*, PageID.11.)

Hyde says that approximately one year later, on October 10, 2014, the State reported the delinquency to the Michigan Treasury Department without providing Hyde with requisite notice. (*Id.*)  The Treasury Department then began garnishing Hyde's prisoner funds and additional tax returns. (*Id.*, PageID.11-12.)  When there were no more funds for the Treasury Department to garnish, Hyde says that it reported the delinquent payments to unknown agencies for collection. (*Id.*, PageID.12.)  At this point, Hyde says that he began reaching out to the State in an attempt to determine which collection agencies were provided with his information. (*Id.*)

On December 28, 2014, Hyde says that his family members began conducting credit reports on Hyde's behalf in an attempt to learn which collection agencies had his information. (*Id.*)  Despite their efforts, Hyde's family members were unable to locate this information. (*Id.*)

Hyde says that it took the Treasury Department until September 2, 2017, to respond to his communications. (*Id.*, PageID.12, 34.)  In its response, the Treasury Department did not provide Hyde with the information he requested. (*Id.*)  Hyde has not received further communications from the State.

3

Hyde further asserts that beginning on January 1, 2015, Trans Union, Experian, and Equifax began "scoring and reporting" upon Hyde's credit. (*Id.*, PageID.12.) On February 8, 2021, Hyde sent cease and desist letters to Experian and Equifax, notifying the consumer reporting agencies that they were reporting on credit information that was improperly provided to them. (*Id.*, PageID.12, 36-38.) Hyde says that Trans Union responded on February 23, 2021, but that it would not admit that it was scoring and reporting upon Hyde's credit. (*Id.*, PageID.12-13, 40.)

Hyde says that he and his family began reaching out to various news outlets about the unlawful provision and reporting of his credit information. (*Id.*, PageID.13.) He said that even national outlets have reported on wide-spread discontent concerning the reporting of erroneous credit information. (*Id.*) During one such report, Hyde says that the CEO of Transunion conceded that some credit reports are based on inaccurate information. (*Id.*) Even so, Defendants relied on misinformation to score and report Hyde's credit.

### III.   Analysis

Hyde purports to move for partial summary judgment under Fed. R. Civ. P. 16(a)(5), 56, 72(a), and 73(c), 28 U.S.C. § 636(c). (ECF No. 34, PageID.365; ECF No. 35, PageID.373.) Hyde provides various "legal reasons" and "legal conclusions" in support of his motion. He asserts that the Court believes his claims to be meritorious (ECF No. 34, PageID.368), and that Defendants "understand that they will not be able to survive the merits" (*id.*, PageID.367) and have verbally agreed to settle (ECF No. 35, PageID.372). Hyde contends that summary judgment will facilitate

4

settlement, protect the parties from discovery expenses, and prevent the disclosure of information that Defendants do not wish to be made public. (ECF No. 34, PageID.369.)

Hyde's motion reveals a misunderstanding of both the legal process and Defendants statements during the preparation of the joint status report. Contrary to Hyde's assertion, this Court did not in any way indicate that his claims had a "high probability of success" at trial by ordering the parties to prepare a joint status report. And Defendants did not agree to settle this matter by indicating their willingness to engage in settlement discussions.

Furthermore, Hyde's reliance on Fed. R. Civ. P. 16(a)(5), 72(a), 73(c), and 28 U.S.C. § 636(c) is misplaced. Fed. R. Civ. P. 16(a)(5) allows the Court to order the parties to engage in pretrial conferences for the purposes of facilitating settlement — it does not give this Court authority to grant summary judgment simply because the parties engaged in a pretrial conference and indicated that they are open to settlement discussions. Fed. R. Civ. P. 72(a) authorizes magistrate judges to conduct proceedings and issue orders relating to non-dispositive matters upon referral from the district judge; motions for summary judgment are dispositive. Fed. R. Civ. P. 73(c) and 28 U.S.C. § 636(c) concern proceedings conducted by a magistrate judge with the consent of all parties; Defendants have not consented to the undersigned conducting all proceedings in this case (*see* ECF No. 62, PageID.465 (Order Denying Motion for Order of Reference)). Fed. R. Civ. P. 56(a) is the only rule that Hyde cites that authorizes this Court to grant summary judgment.

> Fed. R. Civ. P. 56(a) provides that:
>
> A party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

Despite referencing this rule, and despite moving for partial summary judgment, Hyde does not identify the claims or parts of claims for which he seeks summary judgment. Though he repeats some of the facts from his verified complaint, he does not establish that there are no genuine disputes as to those facts. Nor does he show that he is entitled to judgment as a matter of law. It is therefore clear that Hyde is not entitled to summary judgment.

### IV. Recommendation

The undersigned respectfully recommends that the Court deny Hyde's motion for partial summary judgment (ECF No. 34) because Hyde failed to establish the absence of genuine issues of material fact or that he is entitled to judgment as to any of his claims.

Dated: July 22, 2022

/s/ *Maarten Vermaat*
MAARTEN VERMAAT
U.S. MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).