UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

AARON HYDE,

    Plaintiff,

v.

TRANS UNION, LLC, et al.,

    Defendants.
_____/

Case No. 2:21-cv-230

HON. JANE M. BECKERING

## OPINION AND ORDER

Plaintiff Aaron Hyde, a state prisoner, initiated this *pro se* action against Defendant consumer reporting agencies Trans Union, LLC, Experian Information Solutions, Inc., and Equifax Information Services, LLC (collectively "Defendants"), asserting violations of the Michigan Constitution, the First, Eighth, and Fourteenth Amendments under the United States Constitution, the Michigan's Consumer Protection Act, and the Fair Credit Reporting Act, as well as civil rights violations. Plaintiff moved for partial summary judgment (ECF No. 34), which was referred to the Magistrate Judge. The Magistrate Judge issued a Report and Recommendation (R&R), recommending that this Court deny Plaintiff's motion (ECF No. 67). The matter is presently before the Court on Plaintiff's objection to the Report and Recommendation (ECF No. 71), to which Defendants did not file a response. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies Plaintiff's objection and issues this Opinion and Order.

On January 19, 2022, this Court ordered the parties to prepare a joint status report (ECF No. 27). Following a status conference, on February 3, 2022, Plaintiff filed his motion for partial summary judgment (ECF No. 34). The Magistrate Judge described the motion as follows:

> Hyde purports to move for partial summary judgment under FED. R. CIV. P. 16(a)(5), 56, 72(a), and 73(c), 28 U.S.C. § 636(c). (ECF No. 34, PageID.365; ECF No. 35, PageID.373.) Hyde provides various "legal reasons" and "legal conclusions" in support of his motion. He asserts that the Court believes his claims to be meritorious (ECF No. 34, PageID.368), and that Defendants "understand that they will not be able to survive the merits" (*id.*, PageID.367) and have verbally agreed to settle (ECF No. 35, PageID.372). Hyde contends that summary judgment will facilitate settlement, protect the parties from discovery expenses, and prevent the disclosure of information that Defendants do not wish to be made public. (ECF No. 34, PageID.369.)

(R&R, ECF No. 67 at PageID.492–493).

After setting forth the procedural posture, relevant factual background, and analysis of Plaintiff's motion, the Magistrate Judge determined that Plaintiff's motion "reveal[ed] a misunderstanding of both the legal process and Defendants['] statements during the preparation of the joint status report" (R&R, ECF No. 67 at PageID.493). Further, the Magistrate Judge determined that, despite citing Federal Rule of Civil Procedure 56, which authorizes the Court to grant summary judgment, Plaintiff did not "identify the claims or parts of claims for which he seeks summary judgment" (*id.* at PageID.494). Therefore, although Plaintiff repeated some of the facts from his Verified Complaint, the Magistrate Judge concluded that Plaintiff "does not establish that there are no genuine disputes as to those facts" nor does Plaintiff "show that he is entitled to judgment as a matter of law" (*id.*).

Plaintiff identifies five discrete objections. Though difficult to parse, Plaintiff's objections are largely conclusory restatements of Plaintiff's causes of action or legal principles without any cogent factual or legal argument. Plaintiff's objections do not specifically reference—let alone identify error in—the Magistrate Judge's Report and Recommendation. *See* W.D. Mich. LCivR

72.3(b) (instructing that an objection to a magistrate judge's report and recommendation must "specifically identify the portions of the proposed findings, recommendations, or report to which objections are made and the basis for such objections").

For instance, Plaintiff's first and second objection seem to be largely restatements of his allegations or causes of action asserted in his Verified Complaint.  Plaintiff's objection states in part, "Defendants (Trans Union) LLC, et al violated this prisoner's U.S. Const. [F]ourteenth Amendment rights, to result in, unconstitutionally deprive this plaintiff, of property without, "due process of law!" (Objection 1) (Obj., ECF No. 71 at PageID.501–502).  Plaintiff's first and second objection fail to demonstrate any factual or legal error by the Magistrate Judge and are properly denied.

Plaintiff's third objection states in part "Defendants, falsely or mistakenly 'scoring and reporting' this plaintiff's credit information, is grounds for relief from an Order or Judgment … , in which, defendants, would not admit it … because, they don't want the truth to be, made public" (Obj., ECF No. 71 at PageID.504).  Fourth, Plaintiff states in part "[e]specially, due to defendants' intentional misrepresenting, the absence of genuine issues of material fact to entitle this plaintiff, to … judgment, via his claims. See, Affidavit" (Obj., ECF No. 71 at PageID.504).  Plaintiff's objections do not address, nor rectify, the Magistrate Judge's conclusion that Plaintiff has failed to "identify the claims or parts of claims for which he seeks summary judgment"; show that there are "no genuine disputes as to [any] facts"; or "show that he is entitled to judgment as a matter of law" (R&R, ECF No. 67 at PageID.494).  In addition, because Plaintiff's third and fourth objections fail to demonstrate any factual or legal error by the Magistrate Judge, they are properly denied.

3

Last, Plaintiff states "[t]here is a genuine dispute, as to this party, asserting, false information/reporting of this plaintiff, (FOC) business and credit history to, MDOC, … which is why, this prisoner/plaintiff cited, Fed. R. Civ. P. 56(a) for the granting of summary judgment partially" (Obj., ECF No. 71 at PageID.505).  While this appears to be a typographical error as to whether there is "a" or "no" genuine dispute, for the reasons cited previously, Plaintiff's fifth objection also fails to demonstrate any factual or legal error by the Magistrate Judge and is properly denied.

This Court's review of the record reflects that the Magistrate Judge properly analyzed Plaintiff's motion and properly concluded that his motion failed to set forth any grounds for partial summary judgment in Plaintiff's favor.  While Plaintiff disagrees with the Magistrate Judge's recommendation, his objections fail to demonstrate any error or provide any argument that requires a result different from the Magistrate Judge's recommendation.  Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court.  Therefore:

**IT IS HEREBY ORDERED** that Plaintiff's Objection (ECF No. 71) is DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 67) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Partial Summary Judgment (ECF No. 34) is DENIED for the reasons stated in the Report and Recommendation.

Dated:  September 21, 2022   /s/ Jane M. Beckering
United States District Judge
JANE M. BECKERING