UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

AARON HYDE, #520954,

        Plaintiff,

v.

TRANS UNION, LLC, et al.

        Defendants.
_____/

Case No. 2:21-cv-230

Hon. Jane M. Beckering
U.S. District Judge

## REPORT AND RECOMMENDATION

### I.  Introduction

This Report and Recommendation (R&R) addresses Defendant Experian Information Solutions, Inc.'s motion for judgment on the pleadings. (ECF No. 63.)

Plaintiff — state prisoner Aaron Hyde — filed suit in the 50th Judicial Court for Chippewa County on September 7, 2021. (*See* ECF No. 1-2 (State Court Complaint)). The foundation of Hyde's discontent is this: Hyde has two children for whom he owes child support, and for whom he has always paid child support. But in October of 2012, Hyde began a term of incarceration, hindering his ability to make his payments. In September of 2013, the Wayne County Friend of Court notified Hyde that he was delinquent on his child support payments, and Hyde responded that he was incarcerated and unable to pay. Despite this response, the State of Michigan did not abate Hyde's child support payments. Hyde's child support debt was then included in credit reports compiled by three Credit Reporting Agencies (CRAs): Trans Union, Inc. (Trans Union), Experian Information Solutions, Inc.

("Experian"), and Equifax Information Services, LLC ("Equifax"). Hyde asserts that by reporting on the debt related to his child support payments, Defendant CRAs violated: (1) the Michigan Constitution, (2) Michigan's Consumer Protection Act, (3) the Fair Credit Reporting Act, and (4) the United States Constitution. (*Id.*, PageID.15-18.) Hyde also said that Defendants conspired with one another to violate his civil rights. (*Id.*, PageID.18-19.) On November 8, 2021, Trans Union removed the action to this Court. (ECF No. 1.)

On February 3, 2022, Hyde moved for partial summary judgment. (ECF No. 34.) The undersigned issued an R&R recommending that the Court deny Hyde's motion because he failed to establish the absence of genuine issues of material fact, or that he was entitled to judgment as to any of his claims. (ECF No. 67, PageID.494.) The Court approved and adopted that R&R on September 21, 2022. (ECF No. 84, PageID.556.)

On December 6, 2022, Defendant Equifax filed a stipulated order of dismissal with prejudice as to Equifax. (ECF No. 100.) On the same date, the Court granted the proposed stipulated order and dismissed Equifax from this case. (ECF No. 101, PageID.613.) Hyde's claims against Defendants Trans Union and Experian remain.

Defendant Experian now moves for judgment on the pleadings. (ECF No. 63, PageID.469-470.) Experian contends that this Court should dismiss Hyde's FCRA claim against it because Hyde's complaint does not plead an FCRA violation, and even if it did, Hyde's FCRA claim is barred by the statute of limitations. (ECF No. 64, PageID.476-481.) Experian further asserts that the Court should dismiss Hyde's

2

state and federal constitutional claims because Experian is not a state actor. (*Id.*, PageID.481-484.) Finally, Experian contends that Hyde's complaint does not plead a conspiracy claim. (*Id.*, PageID.484-485.) Experian avers that Hyde's real quarrel lies with the State of Michigan. (*Id.*, PageID.471.)

The undersigned respectfully recommends that the Court dismiss Hyde's federal claims against Experian for failure to state a claim. Hyde's allegations concern a legal dispute with the State of Michigan, and not a factual inaccuracy in his credit reports that is actionable under the FCRA. Furthermore, Hyde offers no allegations indicating that Defendant CRAs are state actors who may be held liable for violating the United States Constitution. The undersigned additionally recommends that the Court *sua sponte* dismiss Hyde's federal claims against Trans Union for failure to state a claim. Hyde's allegations against Trans Union are identical to his allegations against Experian, and fail to state a claim for the same reasons. Finally, because the undersigned recommends that the Court dismiss Hyde's federal claims at an early stage of the case, the undersigned recommends that the Court decline to exercise supplemental jurisdiction over Hyde's state law claims.

**II.   Factual Allegations**

Hyde's factual allegations were accurately set forth as follows in the undersigned's July 22, 2022 Report and Recommendation:

> Hyde says that he has been incarcerated since October 2, 2012. (ECF No. 1-2, PageID.11.) He says that prior to his incarceration, he was gainfully employed and provided for his two children by way of child support payments. (*Id.*)

Hyde says that on September 29, 2013, the State of Michigan, through Wayne County's Friend of Court, notified him that he was delinquent on his child support payments. (*Id.*, PageID.11, 23-32.) The State also notified Hyde that it would be garnishing Hyde's state and federal tax return for the delinquent payments. (*Id.*) Hyde informed the Friend of Court that he was incarcerated, and therefore unable to make payments. (*Id.*, PageID.11.)

Hyde says that approximately one year later, on October 10, 2014, the State reported the delinquency to the Michigan Treasury Department without providing Hyde with requisite notice. (*Id.*) The Treasury Department then began garnishing Hyde's prisoner funds and additional tax returns. (*Id.*, PageID.11-12.) When there were no more funds for the Treasury Department to garnish, Hyde says that it reported the delinquent payments to unknown agencies for collection. (*Id.*, PageID.12.) At this point, Hyde says that he began reaching out to the State in an attempt to determine which collection agencies were provided with his information. (*Id.*)

On December 28, 2014, Hyde says that his family members began conducting credit reports on Hyde's behalf in an attempt to learn which collection agencies had his information. (*Id.*) Despite their efforts, Hyde's family members were unable to locate this information. (*Id.*)

Hyde says that it took the Treasury Department until September 2, 2017, to respond to his communications. (*Id.*, PageID.12, 34.) In its response, the Treasury Department did not provide Hyde with the information he requested. (*Id.*) Hyde has not received further communications from the State.

Hyde further asserts that beginning on January 1, 2015, Trans Union, Experian, and Equifax began "scoring and reporting" upon Hyde's credit. (*Id.*, PageID.12.) On February 8, 2021, Hyde sent cease and desist letters to Experian and Equifax, notifying the consumer reporting agencies that they were reporting on credit information that was improperly provided to them. (*Id.*, PageID.12, 36-38.) Hyde says that Trans Union responded on February 23, 2021, but that it would not admit that it was scoring and reporting upon Hyde's credit. (*Id.*, PageID.12-13, 40.)

Hyde says that he and his family began reaching out to various news outlets about the unlawful provision and reporting of his credit information. (*Id.*, PageID.13.) He said that even national outlets have reported on wide-spread discontent concerning the reporting of

erroneous credit information. (*Id.*) During one such report, Hyde says that the CEO of Transunion conceded that some credit reports are based on inaccurate information. (*Id.*) Even so, Defendants relied on misinformation to score and report Hyde's credit.

(ECF No. 67, PageID.490-492.)

### III. Judgment on the Pleadings

"A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) generally follows the same rules as a motion to dismiss the complaint under Rule 12(b)(6)." *Bates v. Green Farm Condominium Assoc.*, 958 F.3d 470, 480 (6th Cir., 2020). A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.* The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

A court can take judicial notice of other court proceedings but "generally, a court will recognize only indisputable court actions, such as the entry of a guilty plea or the dismissal of a civil action. Importantly, 'a court cannot notice pleadings or testimony as true simply because these statements are filed with the court.'" *In re Omnicare, Inc. Sec. Litig.*, 769 F.3d 455, 468 (6th Cir. 2014) (quoting 21B Charles

Alan Wright et al., *Federal Practice and Procedure* § 5106.4 (2d ed. 2005)). Rather, it is more appropriate for the Court to consider documents presented by Defendant for the first time, in a motion for summary judgment under Fed. R. Civ. P. 56. The Court may convert a motion for judgment on the pleadings to a Rule 56 motion and consider matters outside the pleadings. Fed. R. Civ. P. 12(d).

## IV. Analysis

As set forth above, Hyde alleges that Defendant CRAs violated: (1) the Michigan Constitution, (2) Michigan's Consumer Protection Act, (3) the Fair Credit Reporting Act, and (4) the United States Constitution. (*Id.*, PageID.15-18.) The undersigned addresses Hyde's federal claims first, and then considers whether the Court should exercise supplemental jurisdiction over Hyde's state claims.

### a. Hyde's Fair Credit Reporting Act Claims Against Experian

Experian first asserts that Hyde's complaint does not plead a violation of the FCRA, and that the statute of limitations for Hyde's purported FCRA claim has expired.

The FCRA regulates the field of consumer reporting and governs the collection and use of consumer credit information. The purpose of the FCRA is "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer." 15 U.S.C. § 1681(b). The FCRA covers three main actors: (1) consumer reporting agencies; (2) users of consumer reports; and (3) furnishers of information to consumer reporting agencies. *Ruggiero*

6

*v. Kavlich*, 411 F. Supp. 2d 734, 736 (N.D. Ohio 2005). Defendants Experian and Trans Union are consumer reporting agencies (CRAs).

The undersigned construes Hyde's FCRA claims as claims under 15 U.S.C. § 1681e(b), and 15 U.S.C. § 1681i.[1] Section 1681(e)(b) obligates CRAs preparing a consumer report to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." Notably, Section 1681e(b) "does not impose strict liability for inaccurate entries in consumer reports; the preparer is held only to a duty of reasonable care." *Spence v. TRW, Inc.*, 92 F.3d 380, 383 (6th Cir. 1996) (per curiam). To state a claim under § 1681e(b), a plaintiff must show that: "(1) the defendant reported inaccurate information about the plaintiff; (2) the defendant either negligently or willfully failed to follow reasonable procedures to assure maximum possible accuracy of the information about the plaintiff; (3) the plaintiff was injured; and (4) the defendant's conduct was the proximate cause of the plaintiff's injury." *Twumasi-Ankrah v. Checkr, Inc.*, 954 F.3d 938, 941 (6th Cir. 2020) (quoting *Nelski v. Trans Union, LLC*, 86 F. App'x 840, 844 (6th Cir. 2004)).

---

[1] Hyde himself cites to 15 U.S.C. § 1681(a), which sets forth the definitions and rules of construction for the FCRA. The undersigned construes his claims as brought under 15 U.S.C. § 1681e(b) and 15 U.S.C. § 1681i because: (1) the Court must read his pro se complaint indulgently, *Haines v. Kerner*, 404 U.S. 519, 520 (1972); (2) Hyde complains that Defendants "breached duties of accuracy" and "consistently failed to fact check" his information (ECF No. 1-2, PageID.13, 18); and (3) Hyde avers that he notified Defendants of the inaccuracies in their credit reports in early 2021 and says that he either never received a response from Defendants, or received inadequate responses (ECF No. 1-2, PageID.12-13).

> Section 1681i provides that:
>
> If the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

A plaintiff seeking to enforce liability under the FCRA must bring his action in the appropriate court "not later than the earlier of— (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability, or (2) 5 years after the date on which the violation that is the basis for such liability occurs." 15 U.S.C. § 1681p.

As an initial matter, the undersigned addresses Experian's contention that Hyde's 15 U.S.C. § 1681e(b) claim is barred by the statute of limitations. (ECF No. 64, PageID.480-481.) In his verified complaint, Hyde complains that on December 28, 2014, family and friends began requesting credit reports on his behalf. (ECF No. 1-2, PageID.12.) He asserts that Defendants returned credit reports to his family on January 1, 2015, reflecting poor credit due to his allegedly improper child support debts. (*Id.*) Accordingly, the statute of limitations began running on January 1, 2015, when Hyde was made aware of the allegedly inaccurate reports, and expired on

8

January 1, 2017.[2] 15 U.S.C. § 1681p(1). Hyde filed suit on November 8, 2021. The undersigned therefore agrees that Hyde's 15 U.S.C. § 1681e(b) claim is time-barred.

But while the statute of limitations bars Hyde's claim under 15 U.S.C. § 1681e(b), it does not bar Hyde's claim under 15 U.S.C. § 1681i.[3] Hyde claims that he sent out "cease and desist" letters disputing the information regarding his child support payments and asking the CRAs to cease reporting on the debts on February 8, 2021. (ECF No. 1-2, PageID.12, 38.) According to Hyde, Experian never responded. (*Id.*, PageID.12-13.) Hyde filed suit on November 8, 2021, well after the thirty-day period for reinvestigation, 15 U.S.C. § 1681i, and well within the statute of limitations, 15 U.S.C. § 1681p. But even setting the statute of limitations aside, Hyde's complaint fails to state a claim under the FCRA.

Experian presents a slew of arguments as to why Hyde fails to state a claim against it under the FCRA, but the undersigned finds one reason to be dispositive: under the FCRA, CRAs are obligated to take reasonable measures to ensure that they are reporting *factually* accurate information. CRAs are "neither qualified, nor obligated to resolve [legal issues] under the FCRA." *Ricketson v. Experian Info. Sols., Inc.*, 266 F. Supp. 3d 1083, 1092 (W.D. Mich. 2017) (quoting *DeAndrade v. Trans Union LLC*, 523 F.3d 61, 68 (1st Cir. 2008)); *see also Wright v. Experian Info. Sols., Inc.*, 805 F.3d 1232, 1240-41 (10th Cir. 2015) (determining that the "reasonable

---

[2]  Even if Hyde claimed to have learned about the credit reports at a later date, the latest that the statute of limitations could have expired was December of 2019.

[3]  Experian does not argue that it does; Experian only construed Hyde's complaint as asserting a claim under 15 U.S.C. § 1681e(b). (ECF No. 64, PageID.476.)

procedure" requirement in 15 U.S.C. § 1681e(b) did not obligate CRAs to resolve issues of tax law); *Denan v. Trans Union LLC*, 959 F.3d 290, 296 (7th Cir. 2020) ("[C]onsumer reporting agencies are neither qualified nor obligated to resolve legal issues."). As such, CRAs cannot be held liable under 15 U.S.C. § 1681e(b) for failing to resolve legal issues. *Denan*, 959 F.3d at 295 (determining that the word "accuracy" in 15 U.S.C. § 1681e(b) refers only to factual accuracy). Nor can they be held liable under 15 U.S.C. § 1681i for failing to investigate a legal dispute reported by a consumer. *See Denan*, 959 F.3d at 295-97 (explaining that basic rules of statutory interpretation require the word "accuracy" to carry the same meaning throughout the FCRA); *Carvalho v. Equifax Info. Sers., LLC*, 629 F.3d 876 (9th Cir. 2010) ("We agree that reinvestigation claims are not the proper vehicle for collaterally attacking the legal validity of consumer debts.") Put simply, "inaccuracies that turn on legal disputes are not cognizable under the FCRA." *Mader v. Experian Info. Sols., Inc.*, 56 F.4th 264, 270 (2nd Cir. 2023).

The crux of Hyde's complaint is that the State of Michigan should have abated his child support payments after Hyde notified the Wayne County Friend of Court of his inability to pay due to his incarceration; it did not. (ECF No. 1-2, PageID.11-12.) Defendant CRAs then included the overdue child support in Hyde's 2014 credit reports.[4] (*Id.*, PageID.12.) On February 8, 2021, Hyde allegedly sent Experian the following communication:

---

[4]   Notably, the FCRA requires CRAs to include overdue child support reported by the State or local child support enforcement agency in consumer reports. 15 U.S.C.

10

> Dear Experian
>
> Following a 1/1/2021 Tri-Merged credit check with Transunion and Equifax, demonstrated itemized debt allegedly from a State of Michigan action (e.g., "Dep't of Treasury"), derived out of the Third Judicial Circuit Court of Wayne County, in the City of Detroit, prohibitedly over 7 years ago (9/29/2013).
>
> As Experian is aware, State and Federal Law prohibit Exquifax's continuing course of action under: <u>Fair Credit Reporting Act, et seq.</u>; <u>Consumer Credit Protection Act, et seq.</u>; <u>Fraudulent Conveyance Act, et seq.</u>, and the <u>Michigan Consumer Protection Act, et seq.</u>, of which demonstrate violations by Experian that are consistent with illegal conduct due to an alleged judgment debt levied without proper adjudication for Experian, or anyone to become the judgment creditor without fair notice on an alleged existing debt, that was not never consist with the Federal Uniform Commercial Code et seq. (UCC).
>
> At this time, it is Formally Requested of Experian to remove any and all debt reporting pertaining to the above
>
> This means that Experian is legally provided "Fair Notice", i.e.; "Good Faith" to; Cease And Desist, to avoid judicial litigation that will begin as a request for an Ex Parte Investigation Order, for more proper adjudication into civil proceedings, also because being more than 7, it should not appear.
>
> DULY PRESENT AS THE PERSON THAT IS AFOREMENTIONED, AS WELL AS BY SIGNATURE HEREWITH
>
> Feb 8, 2021
> Signed Date
>
> By: /s/ Aaron Bernard Hyde
> Aaron Bernard Hyde
>
> cc: Transunion
>     Exquifax

(*Id.*, PageID.38.) Clearly, Hyde's allegations are that his credit report contained legal inaccuracies, and that after Hyde notified the Experian of the inaccuracies, they did not investigate. Hyde confirms as much in his response to Experian's motion for judgment on the pleadings, and his unauthorized sur-reply. (ECF No. 78, PageID.529 ("Plaintiff disputes the reporting of his overdue child support payments because he is incarcerated."); ECF No. 88, PageID.567 (What inaccurate information did Experian et al., report as to the Plaintiff's overdue child support? The balance alleged owed is

---

§ 1681s–1(1)(A). According to Experian, Hyde's overdue child support was reported by the State of Michigan's Office of Child Support. (ECF No. 64, PageID.478.)

disputed . . . .").)  As set forth above, these allegations do not state a claim under the FCRA.

Ultimately, because Hyde's claim under 15 U.S.C. § 1681e(b) is barred by the statute of limitations, and because Hyde does not allege that Experian reported *factually* inaccurate information, the undersigned respectfully recommends that the Court dismiss Hyde's FCRA claims against Experian.

### b. Hyde's Federal Constitutional Claims Against Experian

In addition to asserting that Experian violated the FCRA, Hyde asserts that Experian violated his First, Eighth, and Fourteenth Amendment rights.  (ECF No. 1-2, PageID.15-19.)  He further asserts that Defendant CRAs "conspired to violate his civil rights."  (*Id.*, PageID.18.)  As indicated by Experian, "civil rights, such as are guaranteed by the Constitution against State aggression, cannot be impaired by the wrongful acts of individuals, unsupported by State authority in the shape of laws, customs, or judicial or executive proceedings."  *Civil Rights Cases*, 109 U.S. 3, 17 (1883).  Hyde does not allege any facts indicating that Experian is a state actor.[5]  Accordingly, the undersigned respectfully recommends that the Court dismiss Hyde's federal constitutional claims against Experian.

### c. Hyde's Federal Claims against Trans Union

In addition to asserting that Experian violated his rights under the FCRA and the United States Constitution, Hyde asserts that Defendant Trans Union violated

---

[5]  Hyde's bare assertions that Defendants acted on behalf of the government in his response (ECF No. 78 PageID.533) and sur-reply (ECF No. 88, PageID.570) to Experian's motion for judgment on the pleadings are plainly inadequate.

his rights. Though Defendant Trans Union has not moved to dismiss or for judgment on the pleadings, the undersigned notes that Hyde's claims and allegations against Trans Union are identical to his claims against Experian with one exception: Hyde says that Trans Union responded to his communication regarding his credit reports, indicating that it did not have a record for Hyde and requesting additional verification records. (ECF No.1-2, PageID.12-13, 40.) In the opinion of the undersigned, this additional allegation is immaterial. Hyde's federal claims against Trans Union fail for the same reasons that Hyde's federal claims against Experian fail: "inaccuracies that turn on legal disputes are not cognizable under the FCRA," *Mader*, 56 F.4th at 270, and Hyde offers no factual allegations indicating that Trans Union is a state actor. The undersigned therefore recommends that the Court dismiss Hyde's federal claims against Trans Union *sua sponte* for failure to state a claim.[6]

### d. Hyde's State Law Claims

Hyde finally purports to assert a myriad of state law claims against Defendant CRAs.

In determining whether to retain supplemental jurisdiction over state law claims, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly

---

[6] The undersigned acknowledges that in general, a court may not *sua sponte* dismiss for failure to state a claim unless it has given a plaintiff notice of its intent to dismiss and the opportunity to respond. *See Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Benson v. O'Brian*, 179 F.3d 1014, 1017 (6th Cir.1999). In the opinion of the undersigned, this recommendation, together with the fourteen-day period for objections, provides Hyde with the requisite notice and opportunity to respond.

deciding state law issues." *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993). Ordinarily, when a district court has exercised jurisdiction over a state-law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the court will dismiss the remaining state-law claims. *Id.*

Here, if the Court adopts the undersigned's recommendation and dismisses Hyde's federal claims, the balance of the relevant considerations weighs heavily against exercising supplemental jurisdiction. This case is at an incredibly early stage, and the determination that Hyde's federal claims are incognizable suggests that the claims are insufficient to confer subject matter jurisdiction. *Cf. Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1255 (6th Cir. 1996), *amended on denial of reh'g*, No. 95-5120, 1998 WL 117980 (6th Cir. Jan. 15, 1998) (discussing the "presumption that a 12(b)(6) dismissal of the touchstone claims precludes the exercise of supplemental jurisdiction").

### V.     Conclusion and Recommendation

Ultimately, Experian was correct in asserting that Hyde's real quarrel lies with the State of Michigan for failing to abate his child support payments upon his incarceration. Hyde's allegations concern a legal dispute with the State of Michigan, not a factual inaccuracy in his credit report that is actionable under the FCRA. Additionally, Hyde offers no allegations indicating that Defendant CRAs are state actors who may be held liable for violations of the United States Constitution. As such, the undersigned respectfully recommends that the Court grant Experian's motion for judgment on the pleadings as to Hyde's federal claims against it, and *sua*

*sponte* dismiss Hyde's federal claims against Trans Union for failure to state a claim. Because the undersigned recommends dismissing Hyde's claims at such an early stage of the case, the undersigned further recommends that the Court decline to exercise supplemental jurisdiction over Hyde's state law claims.

If the Court accepts this recommendation, this case will be dismissed.

Dated:   February 3, 2023                               /s/ *Maarten Vermaat*
                                                                     MAARTEN VERMAAT
                                                                     U.S. MAGISTRATE JUDGE

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).