UNITED STATES DISTRICT COURT
`WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

AARON HYDE,

    Plaintiff,

v.

TRANS UNION LLC, et al.,

    Defendants.
_____/

Case No. 2:21-cv-230

HON. JANE M. BECKERING

## OPINION AND ORDER

Plaintiff Aaron Hyde, proceeding pro se, initiated this action against, in pertinent part, Defendants Trans Union, LLC ("Trans Union"); Experian Information Solutions, Inc. ("Experian"); and Equifax Information Services, LLC ("Equifax") in state court.[1] Defendants removed the action to this Court and Experian filed a motion for judgment on the pleadings. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that this Court grant the motion and dismiss Plaintiff's federal claims against Experian for failure to state a claim; *sua sponte* dismiss Plaintiff's identical federal claims against Trans Union; and decline to exercise supplemental jurisdiction over Plaintiff's state law claims. The matter is presently before the Court on Plaintiff's nine objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation

---

[1] Equifax was dismissed with prejudice on December 6, 2022 (*see* Order of Partial Dismissal, ECF No. 101).

to which objections have been made. The Court denies the objections and issues this Opinion and Order.

**I**

The Magistrate Judge characterized the factual allegations and Plaintiff's claims as follows:

> [I]n October of 2012, Hyde began a term of incarceration, hindering his ability to make his [child support] payments. In September of 2013, the Wayne County Friend of Court [FOC] notified Hyde that he was delinquent on his child support payments, and Hyde responded that he was incarcerated and unable to pay. Despite this response, the State of Michigan did not abate Hyde's child support payments. Hyde's child support debt was then included in credit reports compiled by three Credit Reporting Agencies (CRAs): [Trans Union, Experian, and Equifax]. Hyde asserts that by reporting on the debt related to his child support payments, Defendant CRAs violated: (1) the Michigan Constitution, (2) Michigan's Consumer Protection Act, (3) the Fair Credit Reporting Act [(FCRA)], and (4) the United States Constitution.

(R&R, ECF No. 103 at PageID.620–621). After fully setting forth the factual and legal framework, the Magistrate Judge determined that Plaintiff's claims were not actionable under the FCRA because they "concern a legal dispute with the State of Michigan, not a factual inaccuracy in his credit report" and because Plaintiff "offers no allegations indicating that Defendant CRAs are state actors who may be held liable for violations of the United States Constitution" (*id.* at PageID.633).[2]

**II**

In his first objection, Plaintiff concedes that Trans Union and Experian "are not state actors" but argues that they "acted on behalf of" the state "via, act and omission per using false information without care, even after being notified of such" (Pl. Obj., ECF No. 104 at PageID.635). Plaintiff's objection demonstrates his disagreement with the Magistrate Judge's conclusion but does not demonstrate any factual or legal error in the Magistrate Judge's analysis. Specifically, as

---

[2] The Magistrate Judge also determined that Plaintiff's 15 U.S.C. § 1681e(b) claim was barred by the statute of limitations (R&R, ECF No. 103 at PageID.627–628); however, Plaintiff does not object to the Report and Recommendation on this basis.

2

Experian argues in response, Plaintiff does not provide any facts or argument that either Trans Union or Experian acted on behalf of, or that their actions were attributable to, the State of Michigan (Resp., ECF No. 106 at PageID.646–647) (citing *Partin v. Davis*, 675 F. App'x 575, 585 (6th Cir. 2017) (setting forth three tests to determine when a private party's conduct is "fairly attributable to the state")). Plaintiff's objection is properly denied.[3]

Plaintiff's second objection states that "[t]he (FOC) provided 'hearsay' inaccurate information and Defendants Trans Union and Experian used it and, entered it, into this plaintiff's credit history knowingly … to further result in inaccurate credit information" (Pl. Obj, ECF No. 104 at PageID.636). As noted by the Magistrate Judge, the "FCRA requires CRAs to include overdue child support reported by the State … in consumer reports" (*see* R&R, ECF No. 103 at PageID.629 n.4; *see also* Resp, ECF No. 106 at PageID.645–646) (citing 15 U.S.C. § 1681s–1). Plaintiff's objection fails to identify any error in the Magistrate Judge's determination that Plaintiff's allegations concern legal inaccuracies in his credit report and not "actionable" factual inaccuracies under the FCRA (*see* R&R, ECF No. 103 at PageID.630, 633). Plaintiff's objection is properly denied.

Plaintiff's third, fourth, fifth[4], and eighth objections demonstrate disagreement with the Magistrate Judge but do not identify any legal or factual error in the Magistrate Judge's conclusions (Pl. Obj. ECF No. 104 at PageID.636, 638). An objection to a magistrate judge's

---

[3] In his sixth objection, Plaintiff also avers that the Magistrate Judge has not considered the "full facts, and injuries" that Defendants have caused in violation of the Fourteenth and Eighth Amendments (Pl. Obj., ECF No. 104 at PageID.636–637). Plaintiff's conclusory objection fails for the same reason as his first objection (*see* R&R, ECF No. 103 at PageID.631).

[4] As to Plaintiff's fifth objection, this Court's review of the record shows that the Magistrate Judge properly construed Plaintiff's claims under 15 U.S.C. §§ 1681e(b) and 1681i and determined that Plaintiff "does not allege that Experian reported *factually* inaccurate information" (R&R, ECF No. 103 at PageID.626–631; *see* Resp, ECF No. 106 at PageID.645–646).

report and recommendation must "specifically identify the portions of the proposed findings, recommendations, or report to which objections are made and the basis for such objections." W.D. Mich. LCivR 72.3(b).  Plaintiff fails to identify any basis for his objections and does not cite any facts or authority that warrant a result different from the conclusions of the Magistrate Judge. Accordingly, Plaintiff's objections are properly denied.

In Plaintiff's seventh objection, Plaintiff argues that the Magistrate Judge "cannot say that this plaintiff, failed to provide notice, to the defendants, before they violated his civil rights" and that "[t]here is a civil litigation record via federal parties suing both Trans Union and Experian for using inaccurate and false information, to warrant a pattern" (Pl. Obj., ECF No. 104 at PageID.637) (citing cases).  Plaintiff's argument does not demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion that Plaintiff has failed to state a claim under the FCRA or that Experian and Trans Union may not be held liable for violations of the United States Constitution.[5]  Plaintiff's objection is properly denied.

Last, Plaintiff's ninth objection states that Defendants' motion "must fail", citing MICH. COMP. LAWS 767.39, *et seq.*, "as to such, aiding and abetting, which makes defendants, equally liable!" (*id.* at PageID.638).  MICH. COMP. LAWS 767.39 is a provision of the Michigan Code of Criminal Procedure which provides that one "who procures, counsels, aids, or abets in [an offense's] commission may hereafter be prosecuted, indicted, tried and on conviction shall be

---

[5] The cases that Plaintiff cites do not compel a different result.  *See Brown v. Wal-Mart Stores, Inc.*, 507 F. App'x 543, 548 (6th Cir. 2012) (finding the "magistrate judge properly concluded that Brown failed to state a claim as to Experian"); *Radford v. Equifax Info. Servs., LLC*, No. 1:22-cv-00268, 2022 WL 17104583, at *2 (N.D. Ohio Nov. 22, 2022) (finding allegations that the defendant "contin[ued] to incorrectly report an open and past due balance … despite the fact that the account was settled and paid" were not time-barred under one year statute of limitations period); *Suri v. Equifax Info. Servs., LLC*, No. 21-10866, 2022 WL 1460328, at *4 (E.D. Mich. May 9, 2022) (addressing motions to compel deposition testimony).

punished as if he had directly committed such offense." Plaintiff offers no argument that this provision applies to the instant civil action in his objection or in his underlying response to Experian's motion (*see* ECF No. 78 at PageID.350). Plaintiff's objection is properly denied.

### III

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. Because this Opinion and Order resolves all pending claims, a Judgment will also be entered. *See* FED. R. CIV. P. 58.

Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 104) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 103) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Motion for Judgment on the Pleadings (ECF No. 63) is GRANTED as to Plaintiff's federal claims against Experian.


Dated: March 8, 2023                          /s/ Jane M. Beckering
                                              JANE M. BECKERING
                                              United States District Judge